**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/7/2024
```

WRITER'S EMAIL ADDRESS
owenroberts@quinnemanuel.com

March 5, 2024

**VIA ECF**

Hon. Robert W. Lehrburger
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *BLST Northstar, LLC et al. v. Atalaya Capital Management LP et al.*, Case No. 24-mc-00066-GHW-RWL

Dear Magistrate Judge Lehrburger:

Pursuant to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rule 5.2(b) and 7.1(d), and the United States District Court, Southern District of New York's Sealed Records Filing Instructions, and Section III.G. and the Appendix to the Court's Individual Practices in Civil Cases, Petitioners BLST Northstar, LLC, and BLST Receivables & Servicing, LLC ("Bluestem"), and Respondents Atalaya Capital Management LP and BB Allium LLC ("Atalaya," and together with Bluestem the "Parties"), respectfully submit this joint letter requesting to maintain under seal certain exhibits to (1) the Declaration of Owen Roberts filed February 13, 2024 (ECF No. 5); (2) the Declaration of Jordan E. Alexander filed February 13, 2024 (ECF No. 6); (3) the Declaration of Matthew Tharp filed February 20, 2024 (ECF No. 14); and (4) the Declaration of Owen Roberts filed February 22, 2024 (ECF No. 22) (the "Proposed Sealed Exhibits").

As ordered at the hearing held on March 7, 2024, and for the reasons stated thereat, the joint request to seal and redact the materials set forth in this letter is granted with the exception that the document at ECF No. 14-6 shall be filed in redacted form (redacting only names of individuals).

SO ORDERED:

3/7/2024    _____

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

Specifically, the Parties seek to maintain under seal the following exhibits in whole or in part:

- ECF No. 5-1 (redact)
- ECF No. 5-5 (seal)
- ECF No. 5-6 (seal)
- ECF No. 5-7 (seal)
- ECF No. 6-1 (redact)
- ECF No. 14-6 (seal)
- ECF No. 14-8 (seal)
- ECF No. 14-9 (seal)
- ECF No. 14-18 (seal)
- ECF No. 14-19 (seal)
- ECF No. 14-20 (redact)
- ECF No. 14-21 (redact)
- ECF No. 14-22 (seal)
- ECF No. 14-23 (seal)
- ECF No. 14-24 (seal)
- ECF No. 22-1 (seal)
- ECF No. 22-2 (seal)
- ECF No. 22-3 (seal)
- ECF No. 22-5 (seal)
- ECF No. 22-6 (seal)

The Parties also request leave to maintain under seal portions of other documents quoting or describing the Proposed Sealed Exhibits. Specifically, Bluestem's Opening Brief In Support Of Its Motion to Compel Atalaya Capital Management, LP, and BB Allium LLC To Comply With Petitioner's Subpoenas filed February 12, 2024 (ECF No. 4), Atalaya's Memorandum of Law in Opposition to Bluestem's Motion to Compel filed February 20, 2024 (ECF No. 16), and Bluestem's Reply Memorandum of Law in Support of Bluestem's Motion to Compel filed February 22, 2024 (ECF No. 21) each include such quotations or descriptions.

This Court's authority to maintain sensitive records under seal is well established. "Although the right of public access to court records is firmly entrenched and well supported by policy and practical considerations, the right is not absolute." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). "Every court has supervisory power over its own records and files, and access [can be] denied where court files might have become a vehicle for improper purposes." *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995) (citation omitted). "[T]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

Sealing is appropriate where "essential to preserve higher values and [] narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Where documents contain "sensitive information that, if disclosed, might harm [a party's] competitive standing . . . the privacy interests outweigh the public's interest in the redacted [or sealed] material." *Graczyk v. Verizon Commc'ns, Inc.*, 18-CV-6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020); *see also Rubik's Brand Ltd. v. Flambeau, Inc.*, 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (holding that documents that "contain confidential and/or competitively sensitive business information that, if disclosed, would result in competitive harm" may properly be redacted or sealed). Applying this framework, courts in this District "routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information." *Rand v. Travelers Indem. Co.*, 21-CV-10744 (VB) (VF), 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023).

The Parties seek to maintain under seal documents produced in the underlying action that contain confidential business information of Petitioners, Respondents, and other third parties, which the Parties designated as confidential pursuant to the Protective Order in the underlying

case. In so designating, Respondent was required to "reasonably and in good faith contend" that these documents contain "confidential or proprietary information" as defined in that Protective Order. Dkt. 45, *BLST Northstar, LLC et al. v. Santander Consumer USA Inc.,* Case No. 22-cv-2210 (WMW/DJF) (D. Minn. Jan. 25, 2023). The Parties also seek to maintain under seal communications that discuss details of confidential business information of Respondents and others, and those portions of the briefs which discuss the Proposed Sealed Exhibits.

The nature of both the underlying lawsuit and the disputes in the motion before the Court underscore the propriety of maintaining the documents and information listed above under seal. In short, one of the core contentions of Bluestem's complaint is that its confidential and proprietary financial information, projections, and analysis was improperly shared with Atalaya, in violation of both contractual obligations and federal statutes. For its part, one of the core contentions of Atalaya's opposition brief focuses on information contained in the documents at issue, which Atalaya contends is confidential and proprietary to it. Both parties are thus sharply aware of, and have taken extensive precautions to protect, the information this joint motion to seal addresses.

Additionally, the Parties seek to maintain under seal an unredacted copy of the Amended Complaint filed in the underlying matter on November 3, 2023 (ECF No. 5-1). The Amended Complaint contains sensitive business information of Petitioners and third parties, including contract terms subject to confidentiality provisions and private negotiation positions. The Court in the underlying matter ordered that this document remain under seal because it "contains contract terms subject to confidentiality provisions prohibiting their disclosure." Dkt. Nos. 22, 71 *BLST Northstar, LLC et al. v. Santander Consumer USA Inc.,* Case No. 22-cv-2210 (WMW/DJF) (D. Minn.). The Parties request that this Court permit the Amended Complaint remain under seal for the same reasons. The Parties also seek to redact those portions of the brief which discuss the portions of the Amended Complaint that have been sealed in the underlying case.

Respectfully submitted,

| | |
|---|---|
| */s/ Owen Roberts* | */s/ Matthew Tharp* (with permission) |
| Owen Roberts | Katherine L. Pringle |
| QUINN EMANUEL URQUHART & SULLIVAN LLP | Matthew Tharp |
| 51 Madison Ave. | FRIEDMAN KAPLAN SEILER ADELMAN & |
| 22nd Floor | ROBBINS LLP |
| New York, NY 10010-1601 | 7 Times Square |
| owenroberts@quinnemanuel.com | New York, NY 10036-6516 |
| (212) 849-7000 | kpringle@fklaw.com |
| | mtharp@fklaw.com |
| | (212) 833-1167 |
| *Attorney for BLST Northstar, LLC and BLST Receivables & Servicing, LLC* | |
| | *Attorneys for Atalaya Capital Management LP and BB Allium LLC* |